PLUMMER V REEVES



NO. 07-05-0177-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B 



SEPTEMBER 1, 2005


______________________________



IN THE INTEREST OF B.S.D.C. AND K.R.M., MINOR CHILDREN




 _________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 57,952-2; HONORABLE PAMELA SIRMON, PRESIDING


_______________________________



ON MOTION TO DISMISS


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Lorenza Lopez, appellant, and Katsiya Vilayouth f/n/a Phoutthaboupha Chanthavly
McCuistion, appellee, by and through their attorneys, have filed a motion to dismiss this
appeal because the parties have fully compromised and settled all issues in dispute and
neither desire to pursue the appeal. Without passing on the merits of the case, we grant
the motion to dismiss pursuant to Texas Rule of Appellate Procedure 42.1(a)(2) and
dismiss the appeal. Having dismissed the appeal at the parties' request, no motion for
rehearing will be entertained, and our mandate will issue forthwith. 

 

 Brian Quinn

 Chief Justice



on is limited to
review of final orders and judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001). To be final and appealable, a judgment must dispose of all issues and parties
in the case. Id. The record shows appellee filed suit against appellant and Clear Channel
Broadcasting, Inc. d/b/a KQRB 99.5 The Bear. The judgment appellant seeks to challenge
in this appeal recites it "is final, disposes of all claims against Defendant, Tauton [sic],
Corporation, d/b/a/ Midnight Rodeo and is not appealable." The judgment made no
disposition of appellee's claims against Clear Channel Broadcasting and the record does
not contain an order severing the claims against either defendant. The order denying
appellant's Motion to Set Aside Default Judgment/Motion for New Trial makes no
disposition of the claims against Clear Channel Broadcasting. This record fails to show
either of the trial court actions appellant seeks to challenge in this appeal is final and
appealable.

 Additionally, appellant's brief was due no later than February 25, 2005. By letter
dated March 3, 2005, we notified appellant that the due date for the brief had passed, that
the brief had not been filed and no motion for extension of time to file had been received
by the court. Citing Texas Rule of Appellate Procedure 38.8, the letter also notified
appellant that the appeal would be subject to dismissal unless a response reasonably
explaining its failure to file a brief, together with a showing that the appellee has not been
significantly injured by the failure, was submitted by March 14, 2005. Appellant has not
filed such a response, nor has it since submitted a brief or a motion for extension of time. 


 Accordingly, we dismiss the appeal for want of jurisdiction and want of prosecution.
Tex. R. App. P. 38.8(a)(1); 42.3(a),(b).


 James T. Campbell

 Justice